IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00762-BNB

STEVEN DOUGLAS McCARY,

    Applicant,

v.

TRAVIS TRANI, and
JOHN SUTHERS, Attorney General of the State of Colorado,

    Respondents.

ORDER DIRECTING APPLICANT TO FILE AMENDED PLEADING

    Applicant, Steven Douglas McCary, is a prisoner in the custody of the Colorado Department of Corrections at the Four Mile Correctional Center in Cañon City, Colorado.  Mr. McCary has filed *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction and sentence in Boulder County District Court case number 06CR997.  The court must construe the application liberally because Mr. McCary is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not be an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr. McCary will be ordered to file an amended pleading if he wishes to pursue his claims in this action.

    The court has reviewed the application and finds that it is deficient because Mr. McCary fails to provide specific factual allegations in support of the federal constitutional claims he is asserting in this action.  For example, Mr. McCary contends in his first claim

that trial counsel was ineffective by failing to call a variety of witnesses but he fails to identify specifically who was not called as a witness and what their testimony would have been. Similarly, Mr. McCary alleges in his third claim that the prosecution failed to disclose numerous investigative reports from various agencies but he fails to allege what specific information was contained in those reports or to explain how that information was exculpatory.

In order to avoid any confusion regarding his claims in this action, Mr. McCary will be directed to file an amended pleading that identifies clearly both the specific federal constitutional claims he is asserting and the specific facts that support each individual claim. Mr. McCary is not required to include legal argument and legal citations in support of his claims. Instead, Rules 2(c)(1) and 2(c)(2) of the Rules Governing Section 2254 Cases in the United States District Courts require that Mr. McCary "specify all [available] grounds for relief" and "state the facts supporting each ground." Mr. McCary is advised that these habeas corpus rules are more demanding than the rules applicable to ordinary civil actions, which require only notice pleading. *See Mayle v. Felix*, 545 U.S. 644, 655 (2005). "A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to 'show cause why the writ should not be granted.'" *Id.* at 656 (quoting 28 U.S.C. § 2243). Naked allegations of constitutional violations are not cognizable in a habeas corpus action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). Accordingly, it is

ORDERED that Mr. McCary file an amended application that complies with this order **within thirty (30) days from the date of this order**. It is

FURTHER ORDERED that Mr. McCary shall obtain the court-approved Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. McCary fails to file an amended application that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED March 30, 2012, at Denver, Colorado.

                                BY THE COURT:

                                s/ Boyd N. Boland
                                United States Magistrate Judge